**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert Gandolfo,<br><br>                                        Plaintiff,<br><br>                   -v-<br><br>Nassau County, *et al*.<br><br>                                        Defendants. | 2:26-cv-2163<br>(NJC) (ST) |

## <u>ORDER</u>

NUSRAT J. CHOUDHURY, United States District Judge:

On April 13, 2026, Robert Gandolfo filed an unsigned Complaint without payment of the filing fee or a motion seeking in forma pauperis ("IFP") status. (*See* Compl. ECF No. 1.) That same day, the Clerk of Court issued a Notice of Deficiency, which informed Gandolfo that a signed Complaint and either (1) payment of the filing fee or (2) the submission of a motion to proceed IFP are required for this case to proceed. (Not. of Def., ECF No. 2.) The Notice instructed Gandolfo that "[p]apers, including complaints . . . cannot be filed without an original signature pursuant to Rule 11 of the Federal Rules of Civil Procedure. Your original signature is needed wherever an "X" appears." (*Id*.) The Clerk of Court enclosed a copy of the Complaint with an "X" in the space for Gandolfo to sign and an IFP application and instructed Gandolfo to complete and return the enclosed papers within 14 days. The Notice also cautioned: "If you do not comply, your case will not proceed and may be dismissed." (*Id*.)

The Notice was mailed to Gandolfo at his address of record on April 13, 2026, and it has not been returned to the Court as undeliverable. To date, Gandolfo has not responded or otherwise communicated with the Court about this case.

Under Federal Rule of Civil Procedure 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention," Fed. R. Civ. P. 11(a), and a pro se party's typewritten name does not satisfy the signature requirement. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)"). "Although the failure to sign is considered, generally, a mere technical defect, 5 Wright & Miller, Federal Practice and Procedure: Civil § 1334 (1969), under appropriate circumstances it may constitute grounds for striking the pleading." *Wrenn v. New York City Health & Hosps. Corp.*, 104 F.R.D. 553, 556 (S.D.N.Y. 1985) (citing *United States v. Philadelphia Health Management Corp.*, 519 F. Supp. 818, 826 n. 9 (E.D. Pa. 1981)); *cf. Hernandez-Avila v. Averill*, 725 F.2d 25, 28 (2d Cir. 1984)). Indeed, in *Wrenn*, counsel's failure to file a signed pleading for more than five weeks after the defect was called to his attention could "hardly be attributed to inadvertence or excusable neglect." *Wrenn*, 104 F.R.D. at 557. Here, as of April 13, 2026, Gandolfo was on notice that the unsigned Complaint requires his original signature and that dismissal is a possible consequence of noncompliance. (Not. of Def., ECF No. 2.) The 14-day period within which to cure the deficiency expired on April 27, 2026. As is readily apparent, this case cannot proceed without Gandolfo's participation.

In an abundance of caution and in light of Gandolfo's pro se status, Gandolfo is ordered to file a copy of the Complaint with an original signature within fourteen (14) days from the date of this Order and, if Gandolfo fails to do so, this action will be dismissed without prejudice, without further Order of the Court. Further, unless Gandolfo also remits the $405.00 filing fee[1]

---

[1] Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has

or files a motion to proceed IFP within 14 days, the Court will dismiss the Complaint without

prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York

May 11, 2026

_/s/ Nusrat J. Choudhury_____
NUSRAT J. CHOUDHURY
United States District Judge

---

been collected, it cannot be waived or refunded, regardless of the outcome of the action."). Accordingly, Plaintiff is encouraged to consult an attorney or to avail himself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Plaintiff may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court.