**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Robert Gandolfo,<br><br>Plaintiff,<br><br>-v-<br><br>Nassau County, *et al*.,<br><br>Defendants. | | 2:26-cv-2163<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court are Plaintiff Robert Gandolfo's applications to proceed in forma pauperis ("IFP") with respect to his pro se Complaint. (*See* Compl., ECF No. 6; IFP Apps., ECF Nos. 7–8.) For the reasons that follow, the applications to proceed IFP are denied and Gandolfo shall pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within

the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Gandolfo's applications do not demonstrate an entitlement to IFP status. Indeed, Gandolfo has not provided any financial information, having responded "0" or "N/A" in response to every question on both the Short Form IFP application (ECF No. 7) and the Long Form IFP application. (ECF No. 8.) Curiously, Gandolfo included a residential address and telephone number but reports no expenses associated those expenses. (*See* ECF Nos. 7–8.) Nor does Gandolfo report any expenses for necessities such as food, utilities, and transportation. (*Id*.) Notwithstanding the representation that Gandolfo has no cash or money in an account, the postage on Gandolfo's filings reflects that he paid $7.47 to send his papers to the Court by certified mail. (*See id*.) Thus, the Court is unable to reasonably conclude that Gandolfo is unable to afford the filing fee.

"Because no one can live on no income and no assets," affidavits asserting that the plaintiff has no income and no assets without further explanation "must be incomplete and, by extension, fail to support *in forma pauperis* status." *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022); *see also Zafar v. Suffolk Cnty. Police Dep't,* No. 22-CV-5206, 2022 WL 6235847, at *1 (E.D.N.Y. Oct. 3, 2022) (finding "[p]laintiff is apparently financially supported by another, together with his failure to disclosure that

information, [] disqualified [him] from proceeding IFP"); *Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018) (denying an IFP motion because the plaintiff claimed he had no assets or income but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid"). Accordingly, the IFP applications (ECF Nos. 7–8) are denied. To proceed with this case, Gandolfo shall pay the $405.00 filing fee within 14 days or his complaint shall be dismissed without prejudice.

Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Gandolfo is encouraged to consult an attorney or to avail himself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse.[1] Gandolfo may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court.

---

[1] Given Gandolfo's guilty plea in the on-going state court prosecution in Nassau County Court under Indictment No. IND-73018-23/001, Gandolfo is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims, including the doctrines pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
June 4, 2026

/s/ *Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge