**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Robert Gandolfo, | | |
| | Plaintiff, | |
| -v- | | 2:26-cv-2163 (NJC) (ST) |
| Nassau County, *et al*., | | |
| | Defendants. | |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

By Order dated June 4, 2026, the Court denied the applications to proceed *in forma pauperis* ("IFP") filed by Robert Gandolfo in relation to this pro se case. (*See* Order, ECF No. 9.) The Court ordered Gandolfo to pay the $405.00 filing fee within fourteen (14) days in order to proceed with this action. (*See id*.) The Order clearly stated: "To proceed with this case, Gandolfo shall pay the $405.00 filing fee within 14 days or his complaint shall be dismissed without prejudice." (*Id*. at 3.) The Order was mailed to Gandolfo at his address of record on June 5, 2026, and it has not been returned to the Court as undeliverable.

Gandolfo was required to pay the filing fee by June 18, 2026. As of the date of this Order, Gandolfo has not paid the filing fee, nor has he otherwise communicated with the Court about this case. Accordingly, the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

"Rule 41(b) . . . authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v.*

*Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (*citing Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)) (add'l citation omitted)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*.

Here, these factors favor dismissal of the Complaint without prejudice. First, Gandolfo has failed to respond to the Court's June 4, 2026 Order despite having been warned by this Court that the case would be dismissed absent compliance. Second, the June 4, 2026 Order placed Gandolfo on notice that this case would be dismissed upon failure to pay the filing fee within 14 days therefrom. Third, although Gandolfo has delayed these proceedings, there is no significant prejudice to Defendants at this stage because Defendants have not been served. Fourth, balancing the Court's interest in managing its docket with Gandolfo's interest in receiving a fair chance to be heard weighs in favor of dismissal without prejudice, particularly given that Gandolfo has expressed no interest in preserving the chance to be heard. Fifth, the record suggests that no lesser sanction than dismissal without prejudice would be effective in compelling Gandolfo to move this case forward. Moreover, because such a dismissal is not an adjudication on the merits, this lesser sanction is warranted. Given that the Court made clear that dismissal without prejudice is the consequence of non-compliance with the Court's Order, it appears that Gandolfo

has elected not to proceed because, "[o]nce paid, there are no refunds [of the filing fee] regardless of the outcome of the case." (ECF No. 9 at 3.)

Accordingly, because the time for Gandolfo to comply has expired, for the reasons set forth above, the Complaint is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that, should Gandolfo seek leave to appeal IFP, any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is directed to mail a copy of this Order to Gandolfo at his address of record and to note such mailing on the docket.

Dated:  Central Islip, New York
        June 24, 2026

/s/ Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge